# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ARGELIA MONTOYA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-04168-CV-FJG |
| HSBC MORTGAGE SERVICES, INC., et al, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Currently pending before the Court is Plaintiff's Motion to Remand (Doc. No. 15).

### I. BACKGROUND

This is an action against HSBC Mortgage Services, Inc., et al ("HSBC") for incorrectly notarizing transactions acknowledging an imposter as Plaintiff wherein imposter fraudulently acted without Plaintiff's knowledge or authority to secure five separate mortgage loans against Plaintiff's real property located in Boone County, Missouri (Doc. No. 1). Plaintiff brought suit in the Circuit Court of Boone County, Missouri, seeking declaratory relief, damages, and forfeiture. Plaintiff is a resident of Missouri. HSBC is organized under the laws of the State of Delaware with its principal place of business located in Delaware (Doc. No. 1). Beneficial is organized under the laws of the State of California with its principal place of business located in California (Doc. No. 1). Contractors is organized under the laws of the State of Washington with its principal place of business located in Washington (Doc. No. 1). CIN is organized under the laws of the State of Ohio with its principal place of business located in Ohio

(Doc. No. 1). Merchants is organized under the laws of the State of Iowa with its principal place of business located in Iowa (Doc. No. 1). Universal is organized under the laws of the State of South Dakota with its principal place of business in South Dakota (Doc. No. 1). Western is organized under the laws of the State of South Dakota with its principal place of business located in South Dakota (Doc. No. 1).

Defendant removed this case based on diversity jurisdiction on July 01, 2011 (Doc. No. 1). Plaintiff then filed a Motion to Remand on July 11, 2011, challenging the removal for lack of diversity jurisdiction (Doc. No. 15). Plaintiff characterizes his claim as a "direct action" under 28 U.S.C. § 1332(a), and under that provision, HSBC should be considered a citizen of Missouri, destroying diversity and necessitating remand.

## II. STANDARD

It is the Defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. V. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assurance Co. Of America, 992 F.2d 181, 183 (8th Cir. 1993).

## III. DISCUSSION

Plaintiff characterizes her claim as a "direct action" against Defendants as insurers of liability bond insurance. As such, she argues that under 28 U.S.C. §1332(c)(1), Defendants must be deemed to be citizens of the state of their insured, which would destroy diversity jurisdiction in this case.

28 U.S.C. §1332(c)(1) provides:

<u>a corporation shall be deemed to be citizen of any state by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen</u>, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. (Emphasis added).

Courts restrict application of this provision to liability insurance. Surety bonds do not fall within the meaning or purpose of 28 U.S.C. §1332(c)(1). "A liability insurer protects its *insured*; the surety on a...bond, by contrast, protects the *holder of the judgment*, not the surety's principal. These are very different relationships. Because a surety is not a 'liability insurer', we hold that §1332(c) is inapplicable to suits against sureties." <u>Burgoyne v. Frank B. Hall & Co. of Hawaii, Inc</u>., 781 F.2d 1418, 1420 (9th Cir. 1986). In the present case, Plaintiff's action is against surety bonds, not liability insurance (Doc. No. 17 Exhibits A-E). As such, this action does not constitute a "direct action" against an insurance company under 28 U.S.C. §1332(c)(1). Complete diversity remains between the parties, and the Court has jurisdiction over this action.

Additionally, Plaintiff requests the Court award reasonable attorney's fees. Pursuant to 28 U.S.C. §1447(c), "absent unusual circumstances, courts may award attorney's fees...only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Martin v. Franklin Capital Corp</u>., 546 U.S. 132, 141 (2005). In the present case, Defendants sought removal on the objectively reasonable basis that each was deemed to be a citizen of a different state. Accordingly, attorney's fees should be denied.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Remand is **DENIED**.

Plaintiff's Request for Attorney's Fees is **DENIED**.

**IT IS SO ORDERED.**


Date:  August 29, 2011                                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                 Fernando J. Gaitan, Jr.
                                                      Chief United States District Judge